IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| CYNTHIA EDWARDS FRAZIER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 15-cv-02755-JPM-tmp |
| BEVERLEY ADDISON, SAMUEL | ) | |
| CHANDLER, and CHESTER | ) | |
| CHANDLER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**REPORT AND RECOMMENDATION**
_____

On November 20, 2015, *pro se* plaintiff Cynthia Edwards Frazier filed a complaint against Beverley Addison, Samuel Chandler, and Chester Chandler (collectively "Defendants"), alleging identity theft and identity fraud. (ECF No. 1.) The same day, Frazier also filed an application to proceed *in forma pauperis*, which the court granted on January 15, 2016. (ECF No. 6.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Based on the entire record, the court submits the following proposed findings of fact and conclusions of law, and recommends that the complaint be dismissed in its entirety.

**I. PROPOSED FINDINGS OF FACT**

On November 20, 2015, Frazier filed a *pro se* complaint against Defendants alleging identity theft and identity fraud. (ECF No. 1.) Frazier alleges the following facts:

> 1. This action is brought for injunctive relief pursuant to Mortgage Forgiveness and Debt Relief Act 12 USC 5201
>
> 2. Defendants (squatters) successfully avoided eviction from Plaintiff (home owners) real property in Shelby County General Sessions Court claiming relief from eviction under 12 USC 5201
>
> 3. Plaintiff has never filed for relief under this Act.
>
> 4. Defendants intercepted Plaintiff's mail and wrote the mortgage companies with claims that Plaintiff was missing and presumed dead and that they were Plaintiffs heirs.
>
> 5. The releases obtained through these fraudulent actions state that the release is not in effect for the original borrower (Plaintiff is original borrower).
>
> 6. These releases have caused Plaintiff to have taxes owed to the Internal Revenue Service (IR-2008-17)
>
> 7. Identity theft and identity fraud by the Defendants has caused Plaintiff to have stringent background checks with her employer at her cost.
>
> 8. Credit companies require Plaintiff to go through extra identification to prove her identity.
>
> 9. Defendants have filed title lawsuit in Chancery court to strip Plaintiff of title to her property.

Frazier requests injunctive relief "to stop Defendants from proceeding in any lawsuits to remove her ownership and title of

real estate," and further requests that "defendants be barred from using her Social Security Number and name for all actions."

## II. PROPOSED CONCLUSIONS OF LAW

### A. Failure to State a Claim

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In her complaint, Frazier states that she seeks injunctive relief pursuant to the Mortgage Forgiveness Debt Relief Act. However, she twice cites 12 U.S.C. § 5201, which is part of the Emergency Economic Stabilization Act of 2008. Even accepting the allegations in Frazier's complaint as true, the court finds that Frazier has failed to state a claim upon which relief may be granted under either act.

The Mortgage Forgiveness Debt Relief Act of 2007 was passed to "amend the Internal Revenue Code of 1986 to exclude discharges of indebtedness on principal residences from gross income," among other purposes. Mortgage Forgiveness Debt Relief Act of 2007, Pub. L. No. 110-142, 121 Stat. 1803; see also In re Ledin, No. 14-12347, 2015 WL 1569742, at *4 (D. Kan. Mar. 31,

2015) ("Enacted in 2007 in response to the growing financial crisis of that time, this Act amended the provisions of § 108(a)(1)(E) of the Internal Revenue Code to provide that a taxpayer's gross income doesn't include, among other things 'discharged qualified principal residence indebtedness.'"); Davidson v. JP Morgan Chase, N.A., No. 4:13-CV-3698, 2014 WL 4924128, at *10 n.7 (S.D. Tex. Sept. 29, 2014) (explaining that the Act "usually permits taxpayers to exclude taxes on a debt reduced or forgiven through mortgage restructuring and mortgage debt forgiven because of foreclosure on their principal residence from 2007-2012"). The Emergency Economic Stabilization Act of 2008, on the other hand, was enacted to:

> provide authority for the Federal Government to purchase and insure certain types of troubled assets for the purposes of providing stability to and preventing disruption in the economy and financial system and protecting taxpayers, to amend the Internal Revenue Code of 1986 to provide incentives for energy production and conservation, to extend certain expiring provisions, to provide individual income tax relief, and for other purposes.

Emergency Economic Stabilization Act of 2008, Pub. L. No. 110-343, 122 Stat. 3765; see also 12 U.S.C. § 5201. In her complaint, Frazier alleges that the Defendants "successfully avoided eviction from her property" under the Emergency Economic Stabilization Act by intercepting her mail and filing claims with mortgage companies, pretending to be her heirs and alleging that Frazier was missing and presumed dead. (ECF No. 1.)

Frazier, however, does not plausibly allege that the Defendants' actions in any way violate either of these federal laws. Even assuming, *arguendo*, that a private right of action were available to Frazier under these acts, the complaint fails to state a claim upon which relief may be granted.

**B.   Lack of Subject Matter Jurisdiction**

While *pro se* pleadings are liberally construed and held to a less stringent standard than one drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure.  The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action.  Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992).  Where subject matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3).  Even construing Frazier's complaint in the most liberal light, the court submits that the complaint must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obligated to act *sua sponte* whenever a question about jurisdiction arises. See, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009)

("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Leys v. Lowe's Home Ctrs., Inc., 601 F.Supp.2d 908, 912-13 (W.D. Mich. 2009) (holding complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure to adequately allege facts establishing diversity of citizenship despite conclusory allegation that diversity existed). In her complaint, Frazier does not claim that diversity jurisdiction exists, nor does she allege any facts to establish diversity jurisdiction. The court notes, moreover, that Frazier lists a Memphis address as her mailing address, and

has sued three defendants who also have Memphis addresses. Although a party's address is not dispositive of his or her citizenship, it strongly suggests that complete diversity is lacking in this case. Moreover, the complaint on its face fails to satisfy the amount-in-controversy requirement.

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Other than the federal statutes referenced by Frazier and discussed above, her only remaining claims - identity theft and identity fraud - are allegations under state law. Merely referencing a federal statute, without more, is insufficient to invoke federal jurisdiction under 28 U.S.C. § 1331. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (citation and internal quotation marks omitted); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986) ("[F]ederal jurisdiction cannot be based on a frivolous or insubstantial federal question"); Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) ("Federal courts have jurisdiction under section 1331 in 'only those cases in which a

well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)).

### III. RECOMMENDATION

For the reasons above, it is recommended that Frazier's complaint be dismissed in its entirety.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 15, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**